```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **GLENDA RICHARDSON** | : | **CIVIL ACTION** |
| v. | : | |
| **JOSEPH VAS** | : | **NO. 12-2991** |
| **RALPH VAS** | : | |

<u>MEMORANDUM</u>

JONES, J.                                             JULY /3, 2012

Plaintiff Glenda Richardson filed a motion to proceed <u>in forma pauperis</u> and a <u>pro se</u> complaint against Joseph Vas and Ralph Vas. For the following reasons, plaintiff is granted leave to proceed <u>in forma pauperis</u> and her complaint is dismissed.

According to the complaint, plaintiff was drugged and raped by two men claiming to be police officers, who were allegedly part of a prostitution ring. After the rape, members of the ring "tried to force [plaintiff] into prostitution" by torturing her. The torture included (1) "pok[ing] and prodd[ing] [plaintiff's] body;" (2) hook[ing] [plaintiff] up to an orgasm machine/box;" (3) "forc[ing] [plaintiff] to urinate uncontrollably;" (4) "inject[ing] [plaintiff] with drugs;" (5) "put[ting] a device in [plaintiff's] body, an explosive device;" (6) "urinat[ing] on [plaintiff] and around [her];" (7) "[stinging plaintiff] with wasp-like bugs on [her] legs;" (8) "mess[ing] with [plaintiff's] respiratory system causing [her] shortness of breath/shallow breathing"; (9) "put[ting] worms in plaintiff's body"; (10) "cut[ting] [plaintiff's] vagina" and "shock[ing] [her] genital area"; and (11) "forc[ing] her to leave the house" for twelve

1

hours a day.  Agents of the prostitution ring also allegedly (1) damaged plaintiff's car and "put up all sorts of road blocks" to prevent her from finding employment; (2) sprayed something in her eyes that caused her to develop cataracts; (3) stole her identity; (4) tampered with her mail, causing her to miss certain court dates; (5) sent someone to "hurt" plaintiff while she was in the hospital; (6) "removed a piece of [plaintiff's] brain from the back part of [her] head/skull"; and (7) drained fluid from the base of her skull.  Finally, plaintiff contends that "Joe" Vas married her against her will and impregnated her with in vitro fertilization three times while she was sleeping.  She also claims that the people responsible for torturing her have been threatening her family and that the prostitution ring "involves" the school system in Perth Amboy and the New Jersey government.

Plaintiff's motion to proceed in forma pauperis is granted because she has satisfied the requirements set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint is factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

This Court will dismiss the complaint as factually baseless.

Although allegations of rape do not render a complaint frivolous, plaintiff's allegations must be read in the context of her entire complaint.  The complaint, as a whole, is based on plaintiff's belief that she and her family (and possibly all of the children in the Perth Amboy school system) are being targeted and tortured by a prostitution ring run in part by the New Jersey government.  Those allegations are delusional and wholly incredible, as are the allegations concerning the techniques that members of the prostitution ring allegedly used against plaintiff (e.g., removing a portion of her brain and placing an explosive device in her body).  Plaintiff's specific allegations against defendant Joseph Vas, i.e., that he married her against her will and impregnated her in her sleep using in vitro fertilization, are equally delusional.  Accordingly, dismissal is warranted pursuant to § 1915(e)(2)(B)(i).  Plaintiff will not be given leave to amend because amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002).  An appropriate order follows.